NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0314n.06

No. 23-6020

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KATHLEEN BUNT, | ) | |
| Plaintiff-Appellant, | ) ) ) | **FILED**<br>Jul 18, 2024<br>KELLY L. STEPHENS, Clerk |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| CLARKSVILLE MONTGOMERY COUNTY SCHOOL SYSTEM | ) ) | |
| Defendant-Appellee. | ) ) ) | OPINION |

Before: CLAY, McKEAGUE, and READLER, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Kathleen Bunt is a substitute teacher in the Clarksville Montgomery County School System ("CMCSS") in Tennessee. Bunt brought the instant case in December 2021, alleging that CMCSS administrators retaliated against her, in violation of Title VII of the Civil Rights Act, codified at 42 U.S.C. § 2000e-3(a), *et seq.*, for filing various Equal Employment Opportunity Commission ("EEOC") charges. After discovery, the district court granted summary judgment to CMCSS due to Bunt's failure to create a genuine dispute of material fact as to: (1) whether she experienced an adverse employment action; (2) whether the relevant actors knew about her EEOC charges; and (3) whether there was a causal link between the protected activity and the allegedly adverse employment action. Finding no error in this ruling, we **AFFIRM**.

## I. BACKGROUND

### A. Factual Background

Bunt is currently a substitute teacher at CMCSS, and has been since 2014. In 2018, 2019, and 2021, Bunt filed charges with the EEOC, alleging Title VII discrimination, age discrimination, and retaliation.[1] For purposes of the instant appeal, Bunt argues that CMCSS retaliated against her for filing these EEOC charges. The alleged acts of retaliation are as follows.

On January 10, 2018, Bunt filed the first EEOC charge relevant here. Beginning immediately after she filed this charge and lasting for the next year and a half, Bunt alleges that she received over twenty-four observation visits from school administrators. Bunt characterizes these visits as "dramatically increased scrutiny" that made her "very uncomfortable." Pl. Br., ECF No. 14, 12; R. 42-1, Page ID #486. Bunt points to the first observation, by Human Resources Coordinator Michael Tharpe, which occurred just two weeks after Bunt filed the first EEOC charge. Tharpe gave Bunt a positive evaluation, and has submitted a sworn declaration that he was not aware that Bunt had filed an EEOC charge against CMCSS. Jeanine Johnson, CMCSS's Chief Human Resources Officer, assured Bunt via email that while she had been notified that Bunt filed an EEOC charge, she did not inform all school administrators about the existence of the charge.

During three separate instances—one in October 2018, one in March 2019, and one in June 2019—Bunt claims that she was passed over for teaching positions for which she was qualified in retaliation for her January 2018 EEOC charge. There is little evidence in the record as to the hiring processes for the October 2018 opening, other than the fact that Bunt was not invited to interview

---

[1] In particular, Bunt's 2018 EEOC charge alleged discrimination and retaliation in response to an earlier, and irrelevant for purposes of this appeal, discrimination charge that she filed in 2010.

for that position. With reference to the March 2019 position, Johnson explained to Bunt that the opening had been filled via an administrative transfer of an eligible teacher already working at the school. Those decisions, Johnson claimed, were within the purview of the principal of the school, Matthew Slight, who also swore in a declaration that he had no knowledge of Bunt's EEOC charges at the time. And the hiring decision-maker for the June 2019 position for which Bunt applied, Jean Luna-Vedder, attested that she selected another candidate without ever knowing that Bunt had applied less than twenty-four hours prior. Luna-Vedder averred that she was not aware at the time that Bunt had filed an EEOC charge.

Bunt alleges a particularly fraught incident occurred in May 2019. According to Bunt, Assistant Principal Shane Smith verbally berated her in front of a classroom of students. According to Bunt's contemporaneous notes of the incident, Smith came to Bunt's classroom to help calm down a group of rowdy students. Bunt was "trying to yell over the students to get them to quiet down," and, when Smith arrived, Bunt told him, "This is why I had to call you[.]" R. 42-11, Page ID #749. Smith responded, "You need to lower your tone, You ma'am are riling them up!" *Id.* When Bunt protested, Smith yelled that Bunt was dismissed. As Bunt was leaving, she told the students that they needed to tell Smith the truth. Smith yelled to Bunt, "You are going to jeopardize your future in this district." *Id.* In Bunt's words, she felt "degraded, demeaned, chastised, disgraced, and humiliated." *Id.* Bunt alleges that this was another act of retaliation for her EEOC charges. But Smith avers that he was not aware in May 2019 that Bunt had filed an EEOC charge against CMCSS.

In August 2019, Bunt filed her second EEOC charge, alleging discrimination and retaliation for her previous charge in violation of Title VII and the Age Discrimination in

Employment Act ("ADEA"). Bunt filed her third EEOC charge in July 2021, alleging specific acts of retaliation for her previous EEOC charges, including Slight's failure to hire her in 2019.

Shortly after filing this third charge, Bunt alleges that she was put on the "exclusion lists" at four schools in CMCSS, including the one at which Slight was principal, in retaliation for her EEOC charges, effectively excluding her from hearing about or accepting positions at those schools. While she was ultimately taken off two of the schools' exclusion lists, she remained on two more at the request of those schools' principals, including Slight. Bunt challenged these exclusions as erroneous, and argues that Johnson's resulting investigation "itself was retaliatory." Pl. Br., ECF No. 14, 21.

## B. Procedural Background

Bunt filed the instant action in December 2021, alleging age discrimination in violation of the ADEA, retaliation in violation of the ADEA and Title VII, and associated violations of Tennessee common law. The district court dismissed all but some of Bunt's retaliation claims, which proceeded to discovery. While Bunt conducted little discovery, she identifies several instances of alleged retaliation described above, including: the heightened scrutiny from numerous administrator observations of her classroom immediately after she filed the 2018 EEOC charge, the May 2019 incident in which an assistant principal berated her in front of a classroom full of students, the denial of interviews for three full-time teaching jobs, and her exclusion from other substitute positions.[2]

---

[2] Bunt claims additional retaliatory action in the form of (1) CMCSS' changing the way it scheduled substitute teaching opportunities, which stymied Bunt's ability to fill certain substitute roles, and (2) the phone system that CMCSS used to contact potential substitutes not calling Bunt after she filed her 2019 charge. Bunt has forfeited these claims by neglecting to make an affirmative argument as to why they amounted to adverse employment actions. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019). Even if we were to review these claims, we would take no issue with the district court's disposition.

CMCSS moved for summary judgment, arguing that Bunt had not created a genuine issue of material fact regarding her retaliation claims. The district court granted CMCSS' motion, finding that Bunt failed to establish: (1) that she had encountered an adverse employment decision, (2) that the decision-makers knew of her EEOC charge, and (3) that the adverse employment action was causally related to the EEOC charge. In particular, the district court held that "[t]he plaintiff cannot point to anything other than speculation and conspiracy theories in support of her contention either that the individuals who chose not to hire her for the particular job knew that she had engaged in protected activity or were motivated by retaliatory intent." R. 47, Page ID #987. Bunt timely appealed.

## II. DISCUSSION

"We review a district court's grant of summary judgment *de novo*." *Strickland v. City of Detroit*, 995 F.3d 495, 502 (6th Cir. 2021). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A dispute of a material fact is genuine so long as the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016) (citation omitted).

To establish a prima facie case for retaliation, a plaintiff must demonstrate that "(1) they engaged in a protected activity, (2) the employer knew of the exercise of the protected right, (3) the employer took adverse employment action against the plaintiff or subjected the plaintiff to severe or pervasive retaliatory harassment by a supervisor, and (4) there was a causal connection between the protected activity and the adverse employment action or harassment." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 419 (6th Cir. 2021). In this case, the district court noted that there was no dispute that Bunt engaged in a protected activity when she filed her EEOC charges. *See Lu v.*

*Univ. of Dayton*, No. 23-3105, 2023 WL 8187299, at *10 (6th Cir. Nov. 27, 2023). Rather, the district court granted summary judgment to CMCSS because of Bunt's insufficient showing on the latter three prongs. We take each of these points in turn.

First, we consider whether the allegedly retaliatory administrators actually knew of Bunt's protected activity, the EEOC charges. *Fenton v. HiSAN, Inc.*, 174 F.3d 827, 832 (6th Cir. 1999) ("To satisfy the second prong, plaintiff must show that the defendant knew of her exercise of this protected activity."). Bunt has offered little proof in this regard, in contrast to the multiple sworn declarations from CMCSS administrators averring that they had no knowledge of her EEOC charges. In particular, Tharpe, the HR Coordinator that Bunt alleged retaliated against her by observing her classroom two weeks after the January EEOC charge, swore in his declaration that he did not know about the EEOC charges. Smith, the Assistant Principal that allegedly berated Bunt in front of her class, also disclaims knowledge of the EEOC charges. And Slight, a principal who allegedly retaliated against Bunt by putting her on an exclusion list at his school, also swears in a declaration that he had no knowledge of Bunt's EEOC charges at the time he made his decision.[3] Johnson explicitly disclaims that she told Slight, or any other administrator or principal at CMCSS, about Bunt's EEOC charge. R. 42-8, Page ID #714.

While we view the evidence in the light most favorable to Bunt as the non-moving party, *Strickland*, 995 F.3d at 503, she must provide us with some evidence to view in that light. *Cf. Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) ("The plaintiff must present more than a mere scintilla of evidence in support of her position; the plaintiff must present evidence on which the

---

[3] As the district court correctly held, Bunt's claim about Slight's failure to hire her in 2019 is time-barred. R. 47, Page ID #961–62 n.3, 979. Even if it was not, it would fail for the same reasons stated in this opinion. Bunt's claim that Slight retaliated against her by putting her on his school's exclusion list is not time-barred, but still fails, as described below.

jury could reasonably find for the plaintiff." (citation omitted)); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) ("The non-moving party, however, must provide more than mere allegations or denials[.]").   But Bunt provides no persuasive evidence to combat the administrator declarations.   Nor does she point to any other evidence in the record to support her claim that Tharpe, Smith, or any other administrator had the required knowledge of the EEOC charges to satisfy the second prong of a retaliation claim. *See Abu-Joudeh v. Schneider*, 954 F.3d 842, 849 (6th Cir. 2020) (noting that, once the party moving for summary judgment establishes there is no genuine dispute of material fact, "the burden then shifts to the nonmoving party to establish a genuine issue for trial via specific facts").   Instead, Bunt offers only that, because Slight's "actions were at issue in several of Ms. Bunt's EEOC charges to which CMCSS respond[ed]," R. 45-1, Page ID #796–97, and because Johnson admitted in her declaration that she only made some administrators aware "because of any requested assistance needed to legally comply and facilitate CMCSS's response to the EEOC," R. 42-8, Page ID #714, then Slight surely had to have been aware of the EEOC charges.  Pl. Br., ECF No. 14, 26.

This inferential chain does not pass muster.  As the district court held, "the EEOC charge that was specifically addressed to [Slight's] actions . . . was filed in 2021, *after* Slight made the decision in 2020" to exclude Bunt from his school.  R. 47, Page ID #990.  Therefore no inference can be drawn that Slight knew about the EEOC charge at the time of his alleged retaliatory act. *See Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." (citation omitted)).  When, as in this case, the "nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case," the moving party is entitled to summary judgment. *Abu-Joudeh*, 954 F.3d at 849.  Because Bunt failed to make a sufficient

showing of specific administrators having knowledge of her EEOC charges, a required element of her retaliation claim, summary judgment was properly granted on this issue.

Bunt attempts to salvage her claims by arguing that, even if Slight or any other individual administrator or principal did not know about her EEOC charges, HR officials, who were certainly aware of her EEOC charges, also retaliated against her. Pl. Br., ECF No. 14, 26. But Bunt has not satisfied the third prong with regard to the HR officials: she has not established a genuine dispute of material fact that the HR officials engaged in any adverse employment actions against her. Bunt claims that "CMCSS's HR department took adverse actions against [her] by failing to take seriously the complaints she was raising, failing to follow CMCSS's own protocols and procedures for how to resolve those complaints, not investigating the complaints, [and] not permitting Ms. Bunt to provide the evidence she was attempting to proffer in support of her complaints[.]" *Id.* at 27.

None of these decisions amount to an adverse employment action such that Bunt can satisfy the third prong of her retaliation claim. An adverse employment action, in the retaliation context, is that which "would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 345 (6th Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). "The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington*, 548 U.S. at 67. Bunt's claims against CMCSS's HR administrators boil down to a failure to properly investigate her claims. Pl. Br., ECF No. 14, 27. While a failure to investigate a claim of retaliation can amount to an adverse employment action, *see, e.g.*, *Hawkins*, 517 F.3d at 347–49, Bunt has not established that CMCSS failed to investigate the claims in her case. Instead, Bunt broadly claims that the "one-sided investigation process [was] to Ms. Bunt's

immense disadvantage and to the detriment of Ms. Bunt's employment opportunities with CMCSS either as a substitute or as a full-time teacher." Pl. Br., ECF No. 14, 27–28. But Bunt cites no case law or record evidence to support this contention. By contrast, CMCSS points to multiple entries in the record to establish that CMCSS investigated Bunt's claims. Because Bunt once again fails to provide evidence to show that a genuine dispute of material fact exists as to an essential element of her claim—that HR officials took adverse action against her—summary judgment was proper on this ground as well. *Cox*, 53 F.3d at 149 (explaining that summary judgment is proper in the case of "the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury").

Bunt's claims therefore suffer from a fatal mismatch. The evidence indicates that the administrators who made arguably adverse employment decisions against her never knew about her EEOC charge, and the administrators who did know about her EEOC charge did not commit any adverse employment actions against her. Given that Bunt has failed to establish two essential elements of her claim with regard to any of the alleged retaliatory actors, we need not determine whether she has succeeded on the fourth prong: whether the allegedly adverse material action was causally related to her EEOC charge. *See Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 451 (6th Cir. 2020) (declining to consider two prongs of the retaliation test where plaintiff lacked sufficient evidence to satisfy the other two requirements). Bunt has not established any material factual question in this case. As a result, the district court correctly granted summary judgment to CMCSS.

### III. CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.